# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBORAH FRANKS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-09-943-R |
| | ) |
| MILLICENT NEWTON-EMBRY, | ) |
| Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Valerie K. Couch entered May 12, 2010 [Doc. No. 18] and Petitioner's Objection to the Report and Recommendation filed June 23, 2010 [Doc. No. 21]. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's Objections.

In her first objection, Petitioner generally asserts that the Magistrate Judge failed to review the totality of the circumstances in this case in considering the Petitioner's claims, including the "fact" that this case was "close" and that the evidence of guilt was not overwhelming; that the State's "star" witness later recanted his testimony; and that the jury was grossly misinstructed. Rather, the Magistrate Judge examined the issues using a "divide and conquer" approach, Petitioner asserts. Objections at p. 2. However, the Magistrate properly addressed each issue raised by Petitioner individually. Whether the jury was grossly misinstructed is relevant to one of Petitioner's claims for ineffective assistance of trial counsel and to her claim for ineffective assistance of appellant counsel, but it is not relevant to all of Petitioner's claims. Likewise, whether the evidence of guilt was or wasn't overwhelming may

be relevant to Petitioner's claim of prosecutorial misconduct but it is not relevant to all of Petitioner's claims. The Court finds no error in the Magistrate Judge's individualized consideration of each of the grounds for relief raised by Petitioner.

In her second objection, Petitioner asserts that her claim concerning Instruction No. 21 should not be subject to a procedural bar. Petitioner asserts that the jury was misinformed by this instruction as to the definition of malice and that the effect of the instruction was to eliminate arguably the most important element of first degree murder such that Petitioner was not actually convicted of that crime. Petitioner argues that there is no principled reason to apply any procedural bar to this claim.

Petitioner's claim directed to allegedly erroneous jury instructions is actually that her trial counsel was ineffective because he did not object to Instructions Nos. 19, 21, 26 and 28. As the Magistrate Judge correctly pointed out, this claim was not raised on direct appeal or in post-conviction proceedings. Hence, the claim was unexhausted but one the Oklahoma Court of Criminal Appeals ("OCCA") would deem procedurally barred and thus subject to anticipatory procedural bar in this Court. Petitioner states that she could not bring a post-conviction claim for ineffective assistance of counsel that did not require fact finding outside the record until after the Oklahoma Court of Criminal Appeals decided *Davis v. State*, 123 P.3d 243 (2005).

The Court in *Davis*, however, was addressing the Capital Post-Conviction Procedure Act, as amended in 2004, Okla. Stat. tit. 22, § 1089(D)(4). *Davis v. State*, 123 P.3d at 245. Petitioner was not sentenced to death. Therefore, that Act as construed in *Davis* does not apply to Petitioner. The OCCA has not altered its rule in other post-conviction proceedings that claims

for ineffective assistance of trial counsel which could have been raised on direct appeal and were not are waived. *See Sporn v. State*, 139 P.3d 953 (Okla. Crim. App. 2006). Although Petitioner also asserts that her appellate counsel was constitutionally ineffective because he failed to raise trial counsel's (his own) ineffectiveness in failing to object to the enumerated instructions on appeal, the Magistrate correctly concluded that claim was likewise unexhausted and that if Petitioner were to file a second application for post-conviction relief in state-court, that court would find the claim waived or procedurally barred and thus, that claim is barred by anticipatory procedural default. *See* Report and Recommendation at p. 25. *See also Alverson v. Workman*, 595 F.3d 1142, 1162 (10th Cir. 2010)(ineffective assistance of counsel claim not raised before the OCCA on direct appeal or first application for post-conviction relief is subject to anticipatory procedural bar).

In other objections, Petitioner argues that she is actually innocent because she "was not convicted of any crime as defined by Oklahoma Statutes," Objections at p. 4, and that "[a]llowing this conviction to stand when the jury was instructed on a totally different crime would be a miscarriage of justice." Objections at p. 5. However, Petitioner's claim of actual innocence is really a claim that she is legally as opposed to factually innocent insofar as her claim ultimately rests on what she contends were erroneous jury instructions leading to her conviction of no legally cognizable crime.[1] To the extent Petitioner asserts that she is actually innocent because the murder "was totally Joe Scholz' doing," Objections at p. 4, the Court

---

[1] If the Court were to consider this claim on the merits, Petitioner would not be entitled to relief. Instruction No. 18 made it clear that malice aforethought required proof that the deliberate intent to take a human life existed in the mind of the Defendant.

complies with the directive of the United States Supreme Court in *Dretke v. Haley*, 541 U.S. 386, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004), to "first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default" before considering the allegations of actual innocence. 541 U.S. at 393, 124 S.Ct. at __, 158 L.Ed.2d at 669. Petitioner has not attempted to show nor shown cause for her failure to assert her ineffective assistance of trial and appellate counsel claims in state court post-conviction proceedings, that is some objective factor external to Petitioner that cannot fairly be attributable to her which prevented Petitioner from raising the ineffective assistance claims in her post-conviction application. *See Coleman v. Thompson*, 501 U.S. at 753, 111 S.Ct. at __, 15 L.Ed.2d at 671. Two of Petitioner's other objections herein relate to other defaulted claims – trial counsel's alleged ineffectiveness in failing to investigate Petitioner's defenses and specifically to interview Joe Scholz, Objections at pp. 5-6, and in using a relative of the Defendant as an expert witness. Although the Magistrate Judge addressed the merits of these claims and correctly concluded that they were without merit, these claims were unexhausted and also subject to anticipatory procedural bar.

Petitioner's claim that prosecutorial misconduct denied her a fundamentally fair trial in violation of her due process rights was not procedurally defaulted. Petitioner brought her claim of prosecutorial misconduct on direct appeal of her conviction. In her objection, Petitioner first asks the Court to examine the context in which the prosecutor's allegedly improper remarks were made. She also suggests that the Magistrate Judge should not have given the state court's decision rejecting the prosecutorial misconduct claim deference because the state court failed to provide reasons for its rejection and if state court's decisions are entitled to deference

4

applications for writs of habeas corpus are rendered pointless. *See* Objections at p. 6 (deference to the state court decisions "would wipe out the write of habeas corpus.").

The Court has reviewed the entire closing arguments in light of the evidence at trial. First, the evidence against Petitioner was compelling and very nearly overwhelming. Secondly, the prosecutor's statements, which Petitioner specifically pointed to as objectionable were fair comments on the evidence. There were instances in which the prosecutor made comments about tangential matters not in evidence, *see* Tr. Vol IV at pp. 747 & 948; however, the trial court's comments and admonitions to the jury, *see id.* at 948 & 949, were adequate and effective to prevent the jury from considering these tangential matters not in evidence as factual, which were, in any event, not prejudicial. It is also noted that the trial court instructed the jury that it should not let sympathy, sentiment or prejudice enter into their deliberations. *See* Instructions to the Jury, No. 8. Considering the strength of the evidence against Petitioner, the challenged statements in the context of the closing arguments and in light of the evidence and the trial judge's admonitions, the prosecutor's statements, even if considered improper, could not have tipped the scales in favor of the prosecution. *See Fero v. Kirby*, 39 F.3d 1462, 1474 (10th Cir. 1994)(quoting *Hopkinson v. Shillinger*, 866 F.2d 1185, 1210 (10th Cir. 1989)(internal quotations and citations omitted)). The challenged statements of the prosecutor, many of which quoted statements in Petitioner's own writings, had no probable effect on the jury's ability to fairly judge the evidence. *Id.* Petitioner has failed to show that the prosecutor's statements deprived her of a fair trial or violated her due process rights or that the OCCA's determination of this

claim was contrary to or an unreasonable application of Supreme Court precedent or based on an unreasonable determination of the facts.

Regarding Petitioner's argument that deference to the state court decision would nullify the habeas corpus writ, deference must be accorded to a state appellate court's decision even when that court does not provide the reasons for its decision. *See Douglas v. Workman*, 560 F.3d 1156, 1178-79 (10th Cir. 2009). Nevertheless the Court has conducted its own independent review of the record and federal law and has concluded that the prosecutor's comments did not so infect the trial with unfairness as to render Petitioner's conviction a denial of due process. *See generally Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1094).

Petitioner also argues that the procedural bar or waiver applied by the OCCA is without legislative authority and violates the Oklahoma and United States constitution because it doesn't allow an individual to test his or her conviction against due process standards and it doesn't consider whether a defendant's counsel consulted with the defendant before omitting a claim. Petitioner has cited no authority for her argument that Oklahoma's common law waiver rule violates the state and federal constitutions. State procedural rules serve important interests, *see e.g., Coleman v. Thompson*, 501 U.S. at 748-49, 111 S.Ct. 2546, 115 L.Ed.2d 640, and federal habeas review of claims which were defaulted in state court pursuant to an adequate and independent state procedural rule is barred unless a petitioner can demonstrate cause for the default and prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. at 750, 111 S.Ct. at ___, 115 L.Ed.2d at 669.

Petitioner also argues that application of the exhaustion doctrine would be an abuse of discretion. It is unclear whether Petitioner is complaining that the Magistrate Judge raised the issue of exhaustion or waived exhaustion. A court may properly raise nonexhaustion *sua sponte, see Odum v. Boone*, 62 F.3d 327, 333 n.2 (10th Cir. 1995), as the Magistrate Judge did here. However, when, as in this case, the state court to which the Petitioner would be required to return to exhaust the claim would find that the claim is waived or procedurally defaulted, a federal habeas court may properly refuse to require the Petitioner to engage in that futile exercise and may itself deem the claim procedurally barred, *see Coleman v. Thompson*, 501 U.S. at 735 n. 1, 111 S.Ct. at ___ n. 1, 115 L.Ed.2d at 659 n. 1, or subject to what the Tenth Circuit terms an "anticipatory procedural bar." *Cummings v. Sirmons*, 506 F.3d 1211, 1223 (10th Cir. 2007)(quoting *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n. 7 (10th Cir. 2007). No abuse of discretion occurs where, as here, nonexhaustion and the anticipatory procedural bar are recognized and applied consistent with Supreme Court and Tenth Circuit authority.

The Court returns to Petitioner's claim of actual innocence she raises to attempt to avoid the procedural bar to her claims of ineffective assistance of trial and appellate counsel relating to the jury instructions. Petitioner has failed to present any new reliable evidence, whether exculpatory scientific evidence, trustworthy eyewitness accounts or critical physical evidence, not presented at trial and has failed to show that it is more likely than not, in light of this new evidence, that no reasonable juror would find her guilty beyond a reasonable doubt. *House v. Bell*, 547 U.S. 518, 537-38, 126 S.Ct. 2064, 2077, 165 L.Ed.2d 1, (2006). Accordingly,

Petitioner has failed to establish a "gateway claim" of actual innocence which would justify review of the merits of her procedurally barred claims. *See id.*

In accordance with the foregoing, the Report and Recommendation [Doc. No. 18] of the Magistrate Judge is ADOPTED and the petition of Deborah Franks for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

IT IS SO ORDERED THIS 28th day of June, 2010.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE